# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | |
| ) | **JUDGE RICHARD L. SPEER** |
| Harold E. Cornelius ) | |
| and ) | |
| Evalee Corneluis ) | |
| ) | Case No. 06-3109 |
| Debtor(s) ) | |
| ) | (Related Case: 05-75328) |
| Robert C. Smith, et al. ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| Harold E. Cornelius, et al. ) | |
| ) | |
| Defendant(s) ) | |

## DECISION AND ORDER

This cause comes before the Court on the Plaintiffs' Motion for Summary Judgment and Memorandum in Support. (Doc. No. 61). The Plaintiffs' Motion is brought on their Complaint to Deny Discharge pursuant to 11 U.S.C. § 727, and to Determine Dischargeability of Debt pursuant to 11 U.S.C. § 523. (Doc. No. 1). No response to the Plaintiffs' Motion was filed by the Defendants. The Court has now had the opportunity to review the arguments made by the Plaintiffs in support of their Motion, as well as all of the evidence in this case. Based upon this review, the Court finds that the Plaintiffs' Motion for Summary Judgment should be Granted.

**Robert C. Smith, et al. v. Harold E. Cornelius, et al.**
**Case No. 06-3109**

## FACTS

On October 14, 2005, the Defendants, Harold and Evalee Cornelius, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. The Plaintiffs in this action, Robert, Trina and Kaleb Smith (hereinafter the "Plaintiffs"), held a prepetition claim against the Defendants. This claim was listed in the Defendants' bankruptcy schedules as a disputed tort claim in the amount of $1,025,000.00.

On February 2, 2006, the Plaintiffs filed a timely action in this Court, objecting to discharge and seeking a determination that, pursuant to 11 U.S.C. § 523(a)(6), their claim against the Defendants was a nondischargeable debt. The Defendants thereafter filed a counterclaim against the Plaintiffs. (Doc. No. 9). The Plaintiffs later withdrew that portion of their action objecting to discharge, leaving only the Defendant's counterclaim and the Plaintiffs' complaint to determine dischargeability for resolution. (Doc. No. 61).

During the progression of this adversary proceeding, leave was provided to the Parties to litigated in state court the Plaintiffs' disputed tort claim. On December 13, 2007, after a three-day bench trial, the state court ruled in the Plaintiffs' favor, finding the Defendant, Harold Cornelius (hereinafter the "Defendant"), liable for "civil assault and battery, intentional infliction of emotion distress, and loss of consortium." (Doc. No. 61, attached exhibit, at pg. 2).[1] The court awarded the Plaintiffs compensatory damages of $37,187.04 and punitive damages of $100,000.00 *Id*. This decision was later upheld on appeal. *Smith v. Cornelius*, 2008 WL 4408625 (Ohio App. 6th Dist. 2008).

---

[1] From the record before the Court, it would not appear that the Defendant, Evalee Cornelius, was a party to the state-court action.

Page 2

Robert C. Smith, et al. v. Harold E. Cornelius, et al.
Case No. 06-3109

Based upon these decisions, it is the position of the Plaintiffs that, regarding their action under § 523(a)(6), the matter has been "previously adjudicated before the trial court"; as such, the "findings of that court constitute res judicata in this instant proceeding." (Doc. No. 61, at pg. 2).

## DISCUSSION

The Plaintiff's Motion for Summary Judgment seeks a determination that the liability adjudicated in state court against the Defendant, Harold Cornelius, is a nondischargeable debt pursuant to Bankruptcy Code § 532(a)(6). Under 28 U.S.C. § 157(b)(2)(I), a determination as to the dischargeability of a particular debt is deemed to be a core proceeding, thereby conferring on this Court jurisdiction to enter final orders and judgments. 28 U.S.C. § 157(b)(1).

Section § 523(a)(6) excepts from discharge those debts which arise as the result of a debtor's "willful" and "malicious" actions. This exception to discharge is one of the oldest known in American bankruptcy jurisprudence – being part of the original Bankruptcy Act of 1898 – and is aimed at the type of both socially and morally reprehensible conduct that is not deserving of the fresh-start policy which underlies the Bankruptcy Code. *Superior Metal Prods. v. Martin (In re Martin)*, 321 B.R. 437, 442 (Bankr. N.D.Ohio 2004). As with the other exceptions to dischargeability, it is the movant's burden to establish, by at least a preponderance of the evidence, the applicability of § 523(a)(6). *Grange Mut. Cas. Co. v. Chapman (In re Chapman)*, 228 B.R. 899, 906 (Bankr. N.D.Ohio 1998).

In an action brought under § 523(a)(6), this means demonstrating that the debtor's conduct was both "willful" and "malicious". *Graffice v. Grim (In re Grim)*, 293 B.R. 156, 167 (Bankr. N.D.Ohio 2003). Although distinct concepts, the "willful and "malicious" requirements of § 523(a)(6) both look to the mental state of the debtor so that "only acts done with the intent to cause injury – and not merely acts done intentionally – rise to the level of a "willful" and "malicious"

Page 3

injury for purposes of § 523(a)(6)." *Kennedy v. Mustaine (In re Kennedy)*, 249 F.3d 576, 581 (6th Cir. 2001). Normally, this makes summary judgment an inappropriate procedural device for adjudicating matters brought under § 523(a)(6).

Under Federal Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7056, summary judgment can only be rendered "if . . . there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "Material facts are those facts defined by the substantive law and that are necessary to apply it." *Stamtec, Inc. v. Anson Stamping Co.*, 346 F.3d 651, 654 (6th Cir. 2003). Hence, by placing the mental state of a debtor directly at issue, material facts concerning a debtor's subjective intent will often be disputed in an action brought under § 523(a)(6). An assessment of a debtor's intent, however, requires the Court, as the trier-of-fact, to make credibility determinations and weigh evidence, functions which are for trial, and thus go beyond the scope of a court's role when ruling on a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Yet, even in actions which directly involve a party's state of mind, summary judgment may still be appropriate where the issue before the court is primarily of a legal nature, rather than factual. *See, e.g., Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 653 (8th Cir.2005) (where the unresolved issues are primarily legal, rather than factual, summary judgment is particularly appropriate). This comports to the situation presented in this proceeding. The Plaintiffs' Motion for Summary Judgment does not ask the Court to adjudicate the Defendant's mental state, but rather goes only to a single issue of law: whether the state court proceeding held on the Plaintiffs' tort claims precludes the Defendant from now litigating the issue of whether his conduct was both "willful" and "malicious" within the meaning of § 523(a)(6)? The Court, therefore, considers this matter ripe for resolution.

Page 4

Robert C. Smith, et al. v. Harold E. Cornelius, et al.
Case No. 06-3109

The legal question before the Court implicates the doctrine of collateral estoppel. This legal doctrine, also known as "issue preclusion," prevents the same parties or their privies from re-litigating facts and issues in a subsequent suit that were fully litigated in a prior suit. *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 923 (1994). Collateral estoppel principles apply to bankruptcy proceedings and can be used in nondischargeability actions to prevent re-litigation of issues already decided in a state court. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

When applying collateral estoppel principles from a state court judgment to a nondischargeability proceeding, the Supreme Court of the United States has held that the federal common law does not apply. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 374, 105 S.Ct. 1327, 1328, 84 L.Ed.2d 274 (1985); see also *Bay Area Factors, Inc. v. Calvert (In re Calvert)*, 105 F.3d 315, 317 (6th Cir. 1997). Instead, the bankruptcy courts, pursuant to the full faith and credit principles of 28 U.S.C. § 1738, must give the same issue preclusion effect to a state court judgment as it would be given under that state's law. *Id.* In this matter, the judgment the Plaintiffs rely upon for the application of the collateral estoppel doctrine was entered by an Ohio court; consequently, the law in Ohio regarding collateral estoppel will be applied.

Under Ohio law, the party moving for the application of the doctrine of collateral estoppel must show the existence of the following four elements:

> (1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;
>
> (2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment;
>
> (3) The issue in the present suit must have been identical to the issue involved in the prior suit; and

Page 5

**Robert C. Smith, et al. v. Harold E. Cornelius, et al.**
**Case No. 06-3109**

>(4) The party against whom estoppel is sought was a party or in privity with a party to the prior action.

*Murray v. Wilcox (In re Wilcox)*, 229 B.R. 411, 415-16 (Bankr. N.D.Ohio 1998), *citing Cashelmara Villas Ltd. Partnership v. DiBenedetto*, 87 Ohio App.3d 809, 813-14, 623 N.E.2d 213 (1993). In the matter *sub judice*, all elements, except the third, may be disposed of in very short order. First, for elements one and two, the facts presented to the Court show that in the state-court action, the Parties fully litigated the issue of the Defendant's tortious conduct, with the state court's conclusions also being upheld after an appeal by the Defendant. Concerning the fourth element, an identity of parties, the record in this case shows that the same parties to the state-court action are now before the Court in this proceeding.

The third element of the collateral estoppel doctrine requires the Plaintiff to establish that the issues adjudicated in their state-court action are identical to those issues now before the Court on their complaint to determine dischargeability. In a dischargeability action, this means ascertaining whether the factual issues in the underlying proceeding were adjudicated "using standards identical to those in the dischargeability proceeding." *Heyne v. Heyne (In re Heyne)*, 277 B.R. 364, 368 (Bankr.N.D.Ohio 2002), *citing Spilman v. Harley*, 656 F.2d 224, 226 (6th Cir. 1981). For this matter, this comparison necessarily means looking to the factual findings made in the state-court proceeding and asking whether those findings would have been sufficient to sustain a finding that the Defendant's actions were both 'willful' and 'malicious' within the meaning of § 523(a)(6). *Gonzalez v. Moffitt (In re Moffitt)*, 254 B.R. 389, 394 (Bankr. N.D.Ohio 2000).

In this matter, the state court, after the trial held on the Plaintiffs' tort action against the Defendant, made the following findings and conclusions:

>(1) Defendant's severe beating of Plaintiff was characterized by hatred, ill will or a spirit of revenge and, second, extremely reckless behavior revealing a conscious disregard for great and obvious harm. ¶ 4.

Page 6

>(2) Defendant's assault and batter of the Plaintiff was malicious. ¶ 15.
>
>(3) The claim of civil assault, for which the Defendant was found liable, requires a willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact. It also requires that the tortfeasor knew with substantial certainty that his or her act would bring about harmful or offensive contact. ¶ 20.
>
>(4) The Plaintiffs' claim of intentional infliction of emotional distress, for which the Defendant was also found liable, requires a plaintiff show that: (1) the defendant either intended to cause emotional distress or knew or should have know that actions taken would result in serious emotional distress to the plaintiff; (2) that defendant's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) that defendant's actions were the proximate cause of plaintiff's physic injury; and (4) that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable man could be expected to endure it. ¶ 23.

When these findings are stood against the below meanings afforded to the terms 'willful' and 'malicious' under § 523(a)(6), a perfect match results.

Within the context of § 523(a)(6), the United States Supreme Court has held that a 'willful' injury "takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998) (emphasis in original). This Court, as well as others, has interpreted this holding of the Supreme Court to mean that a 'willful' injury will exist under § 523(a)(6) when the debtor acts with the specific intent to cause injury, or is substantially certain that an injury will occur. *See, e.g., In re Williams*, 362 B.R. 838, 840 (Bankr. N.D.Ohio 2006); *Citizens Bank of Washington County v. Wright (In re Wright)*, 299 B.R. 648, 661 (Bankr. M.D.Ga. 2003). A 'malicious' injury will exist within the meaning of § 523(a)(6) when debtor acts in conscious disregard of his or her duties or without just cause or excuse. *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986).

Page 7

Robert C. Smith, et al. v. Harold E. Cornelius, et al.
Case No. 06-3109

Particularly noticeable with regards to these meanings, as they correlate to the findings and conclusions made by the state court, is the heightened level of culpability under which the Defendant was found to have acted when causing injury to the Plaintiffs. Thus, while the standards of § 523(a)(6) are stringent, the acts the Defendant was found to have committed necessarily rise to that level. Accordingly, it can only be concluded that, as required by the third element of the collateral estoppel doctrine, the issues which were to be litigated in the Plaintiffs' § 523(a)(6) action are identical to those issues already adjudicated in the Parties' state-court action. Therefore, having already found that the other necessary elements of the collateral estoppel doctrine are applicable, the Defendant is precluded from now defending against the Plaintiffs' complaint to determine dischargeabillity under § 523(a)(6). This holding, however, is subject to a couple of caveats.

First, the Court's holding only extends to the Defendant, Harold E. Cornelius, as the state-court decision was limited to him, and did not extend to his wife, Evalee Cornelius, who is also a defendant in the instant proceeding. Second, the Court's decision in this matter is limited to the Plaintiffs' complaint to determine dischargeability under § 523(a)(6), and does not cover the Defendants' counterclaim which was not the subject of the Plaintiffs' Motion for Summary Judgment.

In summation, the Court, having failed to receive a response from the Defendants, finds that the Plaintiffs have established, as set forth in their Motion for Summary Judgment, that the Defendant, Harold E. Cornelius, is collaterally estopped from contesting whether he acted 'willfully' and 'maliciously' for purposes of 11 U.S.C. § 523(a)(6). Therefore, the Defendant's liability to the Plaintiffs, as established by the state court order, is a nondischargeable debt. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Page 8

Robert C. Smith, et al. v. Harold E. Cornelius, et al.
Case No. 06-3109

Accordingly, it is

**ORDERED** that the Motion of the Plaintiffs, Robert, Trina and Kaleb Smith, for Summary Judgment, be, and is hereby, GRANTED.

*IT IS FURTHER ORDERED* that the liability adjudicated by the Court of Common Pleas, Ottawa County, Ohio, Case No. 05CV128C, against the Defendant, Harold E. Cornelius, be, and is hereby, determined to be a NONDISCHARGEABLE DEBT pursuant to 11 U.S.C. § 523(a)(6).

*IT IS FURTHER ORDERED* that the Plaintiffs' Complaint to deny discharge, be, and is hereby, DISMISSED.

*IT IS FURTHER ORDERED* that the Defendants file within 30 days a Status Report regarding their Counterclaim against the Plaintiffs.

*IT IS FURTHER ORDERED* that the Plaintiffs file within 30 days a Status Report regarding their Complaint to Determine Dischargeability against the Defendant, Evalee Cornelius.

Dated: April 3 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 9

# CERTIFICATE OF SERVICE

Copies were mailed this 3rd day of April 2009 to:

Evalee Cornelius
400 N. Toussaint Portage Rd.
Oak Harbor, OH 43449

John A Brikmanis
139 E Water St
Oak Harbor, OH 43449

Harold E. Cornelius
400 N. Toussaint Portage Rd.
Oak Harbor, OH 43449

Kaleb E.M. Smith
14861 W. Woodside Dr.
Rocky Ridge, OH 43458

Gordon R Barry
930 Spitzer Bldg
Toledo, OH 43604

Robert C. Smith
14861 W. Woodside Dr.
Rocky Ridge, OH 43458

Trina L. Smith
14861 W. Woodside Dr.
Rocky Ridge, OH 43458

/s/Jennifer S Huff
Deputy Clerk, U.S. Bankruptcy Court